Kenneth A. Goldberg, Esq.
**GOLDBERG & FLIEGEL LLP**
192 Lexington Avenue, Suite 902
New York, New York 10016
(212) 983-1077
Attorneys For The Plaintiff
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Laura Ragone,

               Plaintiff,

               - against -

The InterWire Group, InterWire Products, Inc., Inter-Wire Products, Inc., Estate Of Frank Cardile Sr (a/k/a Frank Cardile), Deborah Cardile, individually, and each of Deborah Cardile, Joseph A. Klausner and Alan H. Rothschild, as an Executor for the Estate of Frank Cardile Sr (a/k/a Frank Cardile),

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**17 Civ. 5705**

**COMPLAINT AND JURY DEMAND**

**JURY TRIAL DEMANDED**

## NATURE OF THE ACTION AND THE PARTIES

1.    This case is about a male CEO/Chairman of the Board (Frank Cardile) that repeatedly sexually harassed, by physical and verbal conduct, his newly hired female Executive Assistant (Laura Ragone), and then had her fired within two weeks after she complained about his unlawful conduct.

2.    Cardile's unlawful conduct included both verbal and physical harassment, examples of which include without limitation:

    *    *Repeatedly* requiring Ms. Ragone to stand or sit near him and then caressing/stroking her leg and grinning at her.

    *    *Repeatedly* leering at Ms. Ragone in a sexual manner.

    *    *Repeatedly* calling Ms. Ragone a "dumb bitch," "stupid fuck" and using other inappropriate language with her.

3.    Ms. Ragone presented her claims to the EEOC, which agency conducted an investigation and found in Ms. Ragone's favor.

4. Plaintiff's claims, in this lawsuit, are for unlawful discrimination based on sex/gender, harassment, hostile work environment, discharge, and retaliation, under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., and the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. L. § 290 et seq.

5. Plaintiff Laura Ragone ("Ms. Ragone" or "Plaintiff") is an adult female currently residing in Dutchess County, New York.

6. Upon information and belief, Defendants The InterWire Group/InterWire Products, Inc./Inter-Wire Products, Inc. (the "Company") is a New York corporation with a principal place of business at 355 Main Street, Armonk, NY 10504 ("Corporate Headquarters").

7. During the relevant period, Frank Cardile ("Cardile") was founder, Chief Executive Officer ("CEO") and Chairman of the Board of the Company ("Chairman"), and maintained an office at the Corporate Headquarters.

8. During the relevant period, Defendant Deborah Cardile ("Mrs. Cardile" or "Debbie Cardile") was Vice Chairman of the Board of the Company and was also the spouse of Cardile, and maintained an office at the Corporate Headquarters.

9. Upon information and belief, Cardile is now deceased.

10. Defendant Estate Of Frank Cardile Sr (a/k/a Frank Cardile) ("Estate") is liable for Cardile's unlawful conduct and the executors of his Estate are properly named as defendants.

11. Upon information and belief, Defendants Deborah Cardile, Joseph A. Klausner ("Klausner"), and Alan H. Rothschild ("Rothschild") are Executors of the Estate of Frank Cardile, are collectively referred to herein as "Executors."

12. Upon information and belief, the Executors have the following addresses: (a) 8 Westview Drive Purchase, New York 10577 (Mrs. Cardile); (b) 145 Bedford Road, Armonk, New York 10504 (Klausner); and (c) 152 Post Office Road, South Salem, New York 10590 (Rothschild).

## JURISDICTION AND VENUE

13. This Court has jurisdiction over Plaintiff's Title VII claims based on 42 U.S.C. §§ 2000e-5(f), 2000e-5(g), 1981a and 28 U.S.C. §§ 1331, 1332, 1343 and 2201.

14. The Court has supplemental jurisdiction over Plaintiff's NYSHRL claims, based on 28 U.S.C. § 1367(a).

15. Venue is proper in this district based on 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 2000e-5(f)(3).

16. In 2016, Plaintiff filed a timely charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

17. On or about May 25, 2017, the EEOC issued a notice of right to sue to Plaintiff, which she received several days later.

18. Plaintiff filed this lawsuit in a timely fashion and satisfied all of the statutory prerequisites to filing same.

19. Plaintiff seeks an award of appropriate relief.

## DEFENDANTS VIOLATED PLAINTIFF'S RIGHTS

20. The Company, founded in 1981, is a distributor of wire products.

21. According to the Company: "Founded and led by Frank Cardile, InterWire is globally recognized as the largest distributor of wire in North America. InterWire Group is the leading national distributor of fine quality wires. Under the direction and leadership of Frank and Debbie Cardile, InterWire is proud to provide you with the largest selection of wire products from the most consistent, quality driven and innovative mills in the world." *see* www.interwiregroup.com/us/

22. According to the Company: "InterWire is truly a One Stop Shop. Strategically located throughout the United States and Mexico...." *see* www.interwiregroup.com/us/

23. At all relevant times, the Company was headquartered in Armonk, New York and also has offices in California, Connecticut, Michigan, Illinois, Texas, North Carolina and

Mexico, and upon information and belief has at least 100 employees.

24. Ms. Ragone was employed by the Company from about January 6, 2016 to March 11, 2016, as Executive Assistant to Cardile.

25. At all times, Ms. Ragone was fully qualified for her position and performed well.

26. During Ms. Ragone's brief employment, Cardile subjected Ms. Ragone to numerous unwanted physical/verbal sexual harassment beginning almost immediately after hire.

27. On at least six of these occasions, Cardile *caressed* Ms. Ragone's leg and *grinned* at her in a sexual manner (*i.e.*, leered), conduct that was offensive and unwelcome to her.

28. On the last occasion, in early March 2016, Ms. Ragone told Cardile that it was time for her lunch break and sought to get up and leave his office.

29. Cardile yelled at her, "you are staying next to me until I tell you to leave" and he then *caressed* Ms. Ragone's leg and *grinned* at her in a sexual manner (*i.e.*, leered).

30. Cardile took pleasure in his sexual abuse of Ms. Ragone and knew that Ms. Ragone was repulsed by his behavior.

31. Cardile repeatedly harassed Ms. Ragone based upon her sex (female).

32. For example, on virtually a daily basis, Cardile called Ms. Ragone a "Dumb Bitch."

33. For example, on virtually a daily basis, Cardile called Ms. Ragone a "Stupid Fuck" and a "Fucking Idiot."

34. For example, on virtually a daily basis, Cardile yelled at Ms. Ragone, "Laura, get the Fuck in my office now" and "Get the Fuck out of my office."

35. For example, on virtually a daily basis, Cardile forced Ms. Ragone to sit (or stand) physically and uncomfortably close to him in his office, behind his desk, for approximately one-half hour, purportedly to hand him each of his e-mails one by one.

36. Cardile discriminated against Ms. Ragone on the basis of sex and sexually harassed her.

37. His conduct was unwelcome and offensive, verbally and physically abusive, and created a hostile work environment.

38. Cardile *did not* treat male employees the same way that he treated Ms. Ragone.

39. Ms. Ragone opposed, objected to and/or complained about Cardile's unlawful conduct and engaged in protected activity.

40. In March 2016, Ms. Ragone complained to Cardile about his unlawful conduct.

41. Ms. Ragone's complaint was a protected activity under the law.

42. Mrs. Cardile knew or should have known of Cardile's unlawful conduct and Ms. Ragone's protected activity.

43. Defendants did not investigate or take any remedial action on the complaint.

44. Rather, within two weeks after Ms. Ragone complained to Cardile, the Company, Cardile and/or Mrs. Cardile unlawfully terminated Ms. Ragone's employment with the Company.

45. On March 11, 2016, Mrs. Cardile advised Ms. Ragone that the Company was rehiring Cardile's prior assistant and, therefore, Ms. Ragone was "no longer needed."

46. Defendants' proffered reason for firing Ms. Ragone was false and a pretext for unlawful discrimination and retaliation.

47. The Company, Cardile and Mrs. Cardile unlawfully fired Ms. Ragone because she engaged in protected activity and opposed, objected to and/or complained about Cardile's unlawful conduct.

## **EEOC FOUND IN PLAINTIFF'S FAVOR**

48. As noted above, in 2016, Plaintiff filed an EEOC Charge.

49. The Company filed a response to the EEOC Charge, setting forth its position.

50. The EEOC investigated the EEOC Charge.

51. The EEOC found discrimination and issued a detailed Determination in Plaintiff's favor, stating, among other items, that:

> The Commission's investigation, comprised of credibility assessments, analysis of personnel files and comprehensive rebuttal statements, substantiated the stated

claims.  Hence, since the alleged harasser is the CEO and CP had been terminated by his spouse, Vice Chairwoman Debbie Cardile, strict liability standards on the part of Respondent is hereby applicable.  CP credibly provided specific instances of sexual harassment acts/events and degrading remarks perpetrated by the CEO before her decision to lodge internal complaints of same.  In response, Respondent neither probed the matter nor undertook corrective action, triggering CP's dismissal instead.....Noteworthy, the temporal proximity supports, at minimum, an inference of unlawful employment discrimination and presents pretext surrounding CP's termination.
Based on the above, Respondent's asserted defenses do not withstand scrutiny and the Commission has determined that there is reasonable cause to believe Respondent discriminated against Charging Party on account of sex (female) and retaliated against her when she complained.

52. Similarly, as noted above, in late May 2017, the EEOC issued a Notice of Right To Sue reiterating that the EEOC found discrimination:

> The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief to you.

53. The Company, Cardile and Mrs. Cardile discriminated against and harassed Plaintiff based on sex/gender, subjected Plaintiff to a hostile work environment, unlawfully retaliated against Plaintiff, and/or unlawfully discharged Plaintiff.

54. The unlawful conduct was unwelcome and offensive and occurred against Plaintiff's will and over her objections and complaints.

55. The unlawful conduct was severe and/or pervasive, adversely affected the terms, conditions and privileges of Plaintiff's employment, resulted in adverse tangible employment actions, and created a hostile, offensive and abusive work environment.

56. Tolerance of the unlawful discrimination and harassment described herein was a term and condition of Plaintiff's employment, and she suffered adverse tangible employment actions because she refused to acquiesce to that conduct and protested such conduct.

57. Accordingly, Plaintiff has also been the victim of "quid pro quo" harassment.

58. The Company, Cardile and Mrs. Cardile engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled, supported, ratified, approved, condoned and/or coerced the unlawful conduct alleged herein.

59.     Plaintiff opposed, objected to and complained about the conduct, and engaged in protected activity.

60.     The Company, Cardile and Mrs. Cardile knew or should have known of the unlawful discrimination, harassment and retaliation and condoned such unlawful conduct.

61.     The Company, Cardile and Mrs. Cardile failed to exercise reasonable care and failed to take appropriate remedial action to prevent, stop and correct the discrimination, harassment, retaliation and unlawful conduct.

62.     The Company, Cardile and Mrs. Cardile unlawfully retaliated against Plaintiff for engaging in protected activity, including among other items, unlawfully discharging her employment.

63.     The Company, Cardile and Mrs. Cardile's proffered reason for the conduct was a pretext for unlawful discrimination and unlawful retaliation.

64.     The Company, Cardile and Mrs. Cardile's conduct, as alleged herein, was perpetrated with malice or reckless indifference to Plaintiff's rights to be free from discrimination and retaliation.

65.     As a result of the unlawful conduct, Plaintiff has suffered and continues to suffer damages.

## COUNT ONE
## (TITLE VII)

66.     Plaintiff repeats and realleges every allegation in the preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

67.     This Count is brought against the Company under Title VII, as amended, 42 U.S.C. § 2000e et seq., and reference is made to Title VII in its entirety and to 42 U.S.C. §§ 2000e, 2000e(b), 2000e(f), 2000e-2(a), 2000e-5(g), 2000e-5(k), and 42 U.S.C. § 1981a.

68.     At all relevant times, the Company was an "employer" within the meaning of Title VII.

69.     At all relevant times, Plaintiff was an "employee" within the meaning of Title VII.

70. Defendants' conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination based on gender/sex, unlawful harassment, unlawful hostile work environment, and unlawful discharge, in violation of Title VII.

71. Defendants' conduct, as alleged herein, constituted unlawful retaliation in violation of Title VII.

72. Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination and retaliation.

73. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation, lost wages and bonuses, lost back pay, lost front pay, lost benefits, lost interest and attorneys' fees and costs.

74. Plaintiff is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from the Company.

75. As a further result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries from the Company.

## COUNT TWO
## (NYSHRL)

76. Plaintiff repeats and realleges every allegation in the preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein.

77. This Count is brought against Defendants under the NYSHRL, N.Y. Exec. L. § 290 et seq. and reference is made to the NYSHRL in its entirety and to N.Y. Exec. L. §§ 292, 292(1), 292(5), 296, 296(1), 296(1)(a), 296(1)(e), 296(3-a)(c), 296(6), 296(7), and 297(9).

78. At all relevant times, Defendants were each an "employer" within the meaning of the NYSHRL.

79. At all relevant times, Plaintiff was an "employee" within the meaning of the NYSHRL, and a "person" within the meaning of the NYSHRL.

80. Defendants' conduct, as alleged herein, constituted unlawful discriminatory and employment practices and unlawful discrimination based on gender/sex, unlawful harassment, unlawful hostile work environment, unlawful discharge, and unlawful aiding and abetting thereof, in violation of the NYSHRL.

81. Defendants' conduct, as alleged herein, constituted unlawful retaliation in violation of the NYSHRL, and unlawful aiding and abetting thereof.

82. Defendants are liable for the unlawful conduct herein both as an "employer" under NYSHRL § 296(1) and under the "aiding and abetting" provisions of NYSHRL § 296(6).

83. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation, lost wages and bonuses, lost back pay, lost front pay, lost benefits, and lost interest.

84. Plaintiff is entitled to recover such monetary and other damages, and interest from the Defendants.

85. As a further result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.  Plaintiff is entitled to recover damages for such injuries from the Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants, jointly and severally, as follows:

(A) On Count One, enter a judgment in favor of Plaintiff on her claims against the Company;

(B) On Count One, award Plaintiff as against the Company, jointly and severally, the amount of wages, including without limitation back pay, front pay, bonuses, benefits, and interest lost, in an amount to be determined;

(C)  On Count One, award Plaintiff as against the Company, jointly and severally, consequential damages, in an amount to be determined;

(D)  On Count One, award Plaintiff as against the Company, jointly and severally, compensatory damages for, among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in an amount to be determined;

(E)  On Count One, award Plaintiff as against the Company, jointly and severally, punitive damages, in an amount to be determined;

(F)  On Count One, award Plaintiff as against the Company, jointly and severally, the costs of this action, together with reasonable attorneys' fees, in an amount to be determined;

(G)  On Count Two, enter a judgment in favor of Plaintiff on her claims against Defendants;

(H)  On Count Two, award Plaintiff as against Defendants, jointly and severally, the amount of wages, including without limitation back pay, front pay, bonuses, benefits, and interest lost, in an amount to be determined;

(I)  On Count Two, award Plaintiff as against Defendants, jointly and severally, consequential damages, in an amount to be determined;

(J)  On Count Two, award Plaintiff as against Defendants, jointly and severally, compensatory damages for, among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in an amount to be determined;

(K)  On all Counts, award Plaintiff any and all other damages provided by the applicable statutes, in an amount to be determined; and

(L)  Award Plaintiff such other and further legal relief as may be just and proper.

## **JURY DEMAND**

Plaintiff demands a jury trial for all issues triable.

Dated: New York, New York
July 27, 2017

        GOLDBERG & FLIEGEL LLP

By: /s Kenneth A. Goldberg
_____
Kenneth A. Goldberg
192 Lexington Avenue, Suite 902
New York, New York 10016
(212) 983-1077
Attorneys for Plaintiff